FILED
2013 Dec-23  AM 11:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **JERRY SHAW WOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **4:12-cv-02670-KOB** |
| **CITY OF ALBERTVILLE,** | ) | |
| **ALABAMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION</u>**

**I. INTRODUCTION**

This § 1983 case, filed by *pro se* plaintiff Jerry Shaw Wood, comes before the court on the defendant City of Albertville, Alabama's motion to dismiss. (Doc. 14). Mr. Wood alleges that the City of Albertville has an unconstitutional policy of using Alabama's "Worthless Check Act," Ala. Code 1975 §§13A-9-13.1 to 13A-9-13.3, as a means of collecting debts for Wholesalecars.com, Inc. ("the Dealer"). Mr. Wood claims that this policy led to his being twice arrested for a single transaction involving post-dated checks, violating his Fourth, Fifth, and Eighth Amendment rights.

This court mailed Mr. Wood a copy of the defendant's motion to dismiss and entered a scheduling order that gave him an opportunity to respond. Ultimately, however, Mr. Wood failed to reply, forcing this court to consider the merits of the defendant's motion to dismiss by referencing the complaint alone. For the following reasons, the court will GRANT the defendant's motion to dismiss WITHOUT PREJUDICE.

## II. STANDARD OF REVIEW

While the court is required to show leniency to a *pro se* plaintiff's pleadings, the complaint is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Under the Federal Rules of Civil Procedure, a defendant is entitled to dismissal of the complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure only require a plaintiff to submit "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P 8(a)). However, the Supreme Court has explained that the complaint must be more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" without supporting factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). Thus, while the plaintiff need not provide detailed factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal citations omitted).

In deciding whether a complaint can withstand a motion to dismiss, the court applies two guiding principles outlined by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). First, although the court must accept as true all of the factual allegations contained in a complaint, this rule is "inapplicable to legal conclusions"—even when legal conclusions are "couched as factual allegation[s]." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Thus, the court's first task is to determine the factual allegations that are well pled and assume their veracity. Once the court has done so, the second task is to determine whether the claim is plausible on its face

2

given the well-pled facts. *Iqbal* 556 U.S. at 679. A claim is plausible on its face if it contains

enough "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 678. In other words, the facts must

demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Ultimately,

unless the court determines that the well-pled facts, accepted as true, state a claim that is

plausible, the claim must be dismissed. *Id.*

## III. STATEMENT OF FACTS

The following is a summary of the facts, taken from the plaintiff's complaint and stated in

the light most favorable to the plaintiff. On or before October 2, 2008, the plaintiff Jerry Shaw

Wood purchased an automobile from the Dealer using two postdated checks. The first check,

check no. 71044, was made out to the Dealer in the amount of $4,174.62 and was postdated for

December 1, 2008. The second check, check no. 71045, was also made out to the Dealer for the

amount of $4,174.62, but was postdated for January 1, 2009.

### A. CASES MC-08-1270 AND MC-08-1271

On October 2, 2008, the Dealer attempted to deposit Mr. Wood's post-dated checks.

Because Mr. Wood's account did not have the anticipated funding for the checks, the bank

returned the checks to the Dealer unpaid. When confronted about the post-dated checks, Mr.

Wood offered to either return the vehicle to the Dealer or honor the checks on the dates as

written. The Dealer expressly disclaimed any interest in the vehicle and demanded payment,

threatening Mr. Wood with criminal prosecution.

The Dealer followed through with these threats on November 21, 2008, filling out two

criminal complaints (MC-08-1270/-1271) against Mr. Wood under Alabama's "Worthless Check

3

Act," Ala. Code §§13A-9-13.1 to 13A-9-13.3. Although Mr. Wood alleges that the City does not ordinarily prosecute post-dated checks under the "Worthless Check Act," the City issued two arrest warrants for Mr. Wood. Upon learning of the warrants, Mr. Wood voluntarily turned himself in on December 9, 2008, and the municipal court set a date for trial on March 24, 2009.

On the date of the trial, Mr. Wood attempted to enter negotiations with the Dealer instead of appearing in municipal court. Despite Mr. Wood's offer to pay the Dealer by March 27, 2009, he was again unable make payment. Mr. Wood accordingly e-mailed the Dealer on March 28th, 2009 and again proposed returning the vehicle. The general manager of the Dealer refused, threatening Mr. Wood with further prosecution.

Because Mr. Wood attempted negotiating with the Dealer instead of appearing at his trial, the City required Mr. Wood to post another $1,000 bond and reset the cases for trial on July 28, 2009. On the date for the rescheduled trial, however, Mr. Wood's attorney met with the Albertville City Attorney. Following this meeting, Mr. Wood's attorney informed him that "[i]t's over . . . the case is gone." (Doc. 1, at ¶ 29). Mr. Wood apparently understood this statement to mean that the case had been dismissed. (Doc. 1, at ¶ 48). It was not until November 17, 2009 that Mr. Wood learned for the first time that the City did not actually dismiss the charges at the July 28, 2009 meeting. (Doc. 1, at ¶¶ 48–49).

B. CASES MC-09-1245 AND MC-09-1246

While cases MC-08-1270/-1271 were ongoing, the Dealer filed two "new" complaints (MC-09-1245/-1246) against Mr. Wood on September 21, 2009. These "new" complaints, however, were based on the same checks at issue in cases MC-08-1270/-1271. Despite the fact

that the City had not actually dismissed cases MC-08-1270/-1271 at the July 28, 2009 meeting, the City issued new arrest warrants for Mr. Wood based upon the same checks.

On November 13, 2009, Marshall County Deputy Corey Downs arrested Mr. Wood pursuant to these warrants at a high school football game in which Mr. Wood's son was playing. Mr. Wood alleges that the Dealer and its agents used its connections at the City of Albertville Police Department to call in a favor aimed at publicly humiliating him. (Doc. 1, at ¶ 42).

C. DISMISSAL OF ALL CHARGES

On the date set for trial in cases MC-09-1245/-1246, Mr. Wood failed to appear at the proper time because he had allegedly not been informed of a change in the schedule. As a result of Mr. Wood's tardiness, the judge ordered the $1,000 cash bond that Mr. Wood had posted on May 21, 2009 in the previous cases MC-08-1270/-1271 forfeited. The judge then dismissed those cases because of the pendency of the charges in MC-09-1245/-1246, ordered Mr. Wood to post another bond for the "new charges," and set a new trial date for October 26, 2010.

At the trial on October 26, 2010, the municipal judge held that defendant City of Albertville had failed to prove its prima facie case against Mr. Wood and ordered the cases MC-09-1245/-1246 dismissed.

D. ALLEGED INJURIES

Mr. Wood brings this action under the Civil Rights Act of 1871, 42 U.S.C. §1983 (2012), alleging that despite the City of Albertville's policy not to prosecute individuals under Alabama's "Worthless Check Act" for post-dated checks, the City selectively pursues such checks when written to businesses operated by the Dealer and its agents. Thus, Mr. Wood alleges that the City

5

of Albertville has an unconstitutional policy or custom of selectively prosecuting clients of the Dealer to help the Dealer collect its debts, legal or otherwise.

According to Mr. Wood, the City's policy of inappropriately assisting the Dealer in collecting its debts led to the deprivation of his Fourth Amendment right to be free from unreasonable searches and seizures; his Fifth Amendment right to not be deprived of life, liberty, or property without due process of law; and his Eighth Amendment right not to be subjected to excessive bail or excessive fines.[1] (Doc. 1, at ¶ 64). Mr. Wood states in his complaint that these amendments are applicable to the states through the Fourteenth Amendment. (Doc 1, at ¶ 64).[2] Mr. Wood claims that as a result of his arrest and prosecution in cases MC-08-1270/-1271 and MC-09-1245/-1246, he was forced to post bond, hire an attorney, forfeit his cash bond, and suffer emotional distress and mental anguish, all in violation of his constitutional rights.

---

[1] While Mr. Wood broadly alleges violations to his Fourth, Fifth (Fourteenth), and Eighth Amendment rights, he does not specifically link the unconstitutional conduct described in his counts to any amendment in particular. Despite this failure, the court reads his complaint generously based on the amendments he did identify, and infers the connections to each amendment throughout his explanation of the alleged unconstitutional conduct.

[2] Although Mr. Wood's claim that the City violated his Fifth Amendment rights is inapposite because the Fifth Amendment due process clause applies only to the federal government, *see Barron v. City of Baltimore*, 32 U.S. 243 (1833) and *Dusenbery v. United States*, 534 U.S. 161, 167 (2002), the court reads Mr. Wood's mention of the Fourteenth Amendment broadly to include claims of due process. Thus, this opinion analyzes whether Mr. Wood has met the pleading requirement necessary to show that the City violated Mr. Wood's Fourteenth Amendment right to due process.

**IV. DISCUSSION**

A. <u>MUNICIPAL LIABILITY GENERALLY</u>

Section 1983 imposes liability on persons who, acting under the color of state law, deprive another person of a right secured by the Constitution. 42 U.S.C. § 1983. Although the Supreme Court has held that municipalities are subject to § 1983 liability, a municipality is not liable for its employees' actions under a respondeat superior theory of liability. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *see also Mercado v. City of Orlando*, 407 F.3d 1152, 1161 (11th Cir. 2005). As a result of this limitation, a municipality faces liability under § 1983 "only when [its] 'official policy' causes a constitutional violation." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998); *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("It is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable.").

Thus, to impose § 1983 liability on a municipality, the plaintiff must adequately demonstrate two things. First, the plaintiff must prove that an underlying constitutional violation exists. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."). Second, the plaintiff must show that the constitutional injury was caused by official municipal policy. *See Monell*, 436 U.S. at 691 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature *caused* a constitutional tort." (emphasis added)).

7

The Supreme Court encourages federal courts "not [to] pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of." *Ashwander v. TVA*, 297 U.S. 288, 347 (1936) (quoted in *Scott v. Harris*, 550 U.S. 372, 388 (2007)). Therefore, this court will consider first whether Mr. Wood adequately demonstrates that the City had a policy that led to his alleged constitutional injuries.

### B. EXISTENCE OF A MUNICIPAL POLICY AND CAUSATION

The Eleventh Circuit Court of Appeals has outlined two methods by which plaintiffs can establish a municipality's policy: "identify either (1) an officially promulgated [municipal] policy or (2) an unofficial custom or practice of the [municipality] shown through the repeated acts of a final policymaker." *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (citing *Monell*, 436 U.S. at 690-691, 694). In reality, "[b]ecause a [municipality] rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs . . . must show that the [municipality] has a custom or practice of permitting it and that the [municipality's] custom or practice is 'the moving force [behind] the constitutional violation.'" *Grech*, 335 F.3d at 1330 (quoting *City of Canton*, 489 U.S. at 389).

In this case, Mr. Wood has failed to allege any facts suggesting the City has an officially promulgated policy of selectively enforcing Alabama's "Worthless Check Act," Ala. Code §§ 13A-9-13.1 to 13A-9-13.3, to assist the Dealer in collecting its debts. Thus, the court analyzes the sufficiency of Mr. Wood's complaint demonstrating that the municipality has a custom or practice of permitting the kind of constitutional violations Mr. Wood allegedly experienced.

8

A custom "is a practice that is so settled and permanent that it takes on the force of law." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (quoting *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997)). To rise to the level of subjecting a municipality to liability, the custom "must be such 'a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it.'" *Craig v. Floyd County, Ga.* 643 F.3d 1306, 1310 (2011) (quoting *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991)). Thus, "'[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability' against a municipality." *Craig,* 643 F.3d at 1310 (quoting *City of Okla.City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (plurality opinion)). Instead, establishing "a pattern of injuries [is] ordinarily necessary" to ensure that a municipality is subject to liability only when the "relevant practice is so widespread as to have the force of law." *Bd. of Cnty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 408, 403 (1997); *see also Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011); *Craig*, 643 F.3d at 1310.

## C. APPLICATION

Mr. Wood fails to plead any facts demonstrating the existence of a municipal policy that caused his injuries. In the compliant, Mr. Wood repeatedly makes allegations that the City has a policy of selectively allowing the Dealer and the Dealer's agents to use the City of Albertville's municipal court and police department for the collection of debts. However, simply alleging that such a policy exists without providing any factual evidence of the policy is not enough to meet the pleading requirement. *See Pierre v. City of Miramar, Florida, Inc.*, No. 13-10668, 2013 WL 4750080, at *4 (11th Cir. 2013) (holding that plaintiff's complaint failed to state a claim because although he alleged the *existence* of a municipal policy, he failed to identify any "*facts*

9

*supporting the existence* of the[] purported City policies") (emphasis added)). The court is under

no duty to accept conclusory statements as true, even when they are "couched as factual

allegation[s]." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007)). In this case, Mr. Wood's complaint fails to state a claim because he

provides nothing more than "naked assertion[s]" without factual support for his claim that an

unconstitutional policy exists and caused his injuries. *See Twombly*, 550 U.S. at 557.

  While Mr. Wood does state that the City of Albertville has "arrested [himself] *and other*

*individuals* who have issued [post-dated] checks to Dealer on a selective basis," (doc. 1, at ¶¶ 57-

58) (emphasis added), he failed to adequately allege the "pattern of injuries" ordinarily necessary

to demonstrate a custom. *See Bd. of Cnty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403

(1997). To adequately plead that the City has a custom sufficient to subject it to liability, Mr.

Wood must provide facts that, if accepted as true, could show that the practice is "so widespread

as to have the force of law." *See id.*; *see also McDowell v. Brown*, 392 F.3d 1283, 1290-91 (11th

Cir. 2004) (holding that an "isolated incident, however unfortunate, does not demonstrate

evidence of the County's '*persistent*' or '*widespread*' policy"). Merely stating that the City has

arrested an unknown number of the Dealer's unnamed debtors, without more, fails to

demonstrate "more than a sheer possibility that [the] defendant has acted unlawfully." *Iqbal* 556

U.S. at 678. Even if the court accepts Mr. Wood's assertion that the City has selectively arrested

others who owe money to the Dealer as true, his complaint still fails to provide enough facts that

show the practice is so common that it can be considered a policy or custom attributable to the

City.

## V. **CONCLUSION**

For the foregoing reasons, this court will GRANT defendant City of Albertville's motion to dismiss WITHOUT PREJUDICE.

DONE and ORDERED this the 23rd day of December, 2013.


*KARON OWEN BOWDRE*
*CHIEF UNITED STATES DISTRICT JUDGE*